IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**TIMOTHY W. CASEY,**

                  **Plaintiff,**

     v.                                      **CASE NO. 06-3181-SAC**

**SEDGWICK COUNTY DETENTION FACILITY,**

                  **Defendant.**

**O R D E R**

This matter is before the court on a complaint filed under 42 U.S.C. § 1983 by a prisoner confined in the Butler County Jail in El Dorado, Kansas.[1]  Also before the court is plaintiff's motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915.  Having considered plaintiff's financial records, the court finds no initial partial filing fee may be imposed at this time due to plaintiff's limited resources, and grants plaintiff leave to proceed in forma pauperis.  *See* 28 U.S.C. § 1915(b)(4)(where inmate has no means to pay initial partial filing fee, prisoner is not to be prohibited from bringing a civil action).  Plaintiff remains obligated to pay the full $250.00 district court filing fee in this civil action, through payments from his inmate trust fund account as authorized by

---

[1] Although plaintiff provides a mailing address for a family member, court mail to plaintiff will be effected by using plaintiff's current address as reported to the court. Rule 5.1(c) of the Rules of Practice and Procedure for the District of Kansas which requires that "[e]ach...party appearing pro se is under a continuing duty to notify the clerk in writing of any change of address or telephone number.  Any notice mailed to the last address of record of an attorney or a party appearing pro se shall be sufficient notice."

28 U.S.C. § 1915(b)(2).

Plaintiff states he sustained serious injuries to his face when he was assaulted by another prisoner (Mitchell) while in the Sedgwick County Adult Detention Facility (SCADF). Plaintiff claims the SCADF booking officer failed to protect plaintiff from this disruptive prisoner, and also claims medical attention to plaintiff's injuries was unreasonably delayed. On these allegations, plaintiff seeks damages from an unnamed SCADF booking officer who is the sole defendant named in this action.

The Prison Litigation Reform Act (PLRA) enacted in 1996 mandates that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). *See also*, Booth v. Churner, 531 U.S. 956 (2001)(§ 1997e(a), as amended by PLRA, requires prisoners to exhaust administrative remedies irrespective of the relief sought and offered through administrative channels). Although plaintiff cites various attempts to submit claims and administrative grievances directly to the Sedgwick County District Court, no proper exhaustion of the administrative remedies available at the facility is evident.[2] *See* Woodford v. Ngo, 126 S.Ct. 2378, 2382-83 (2006)(proper exhaustion of administrative remedies is

---

[2]To the extent any of plaintiff's submissions to the Sedgwick District Court may have resulted in an action being filed on the same or similar claims, plaintiff is directed to show cause why comity concerns (if a state action is currently pending) or the estoppel doctrine (if a state action was filed and has been decided) do not warrant dismissal of the instant complaint.

required by prisoner litigants). Nor does plaintiff demonstrate that he raised both his "duty to protect" and "denial of medical care" claims in any such administrative remedies. *See* <u>Ross v. County of Bernalillo</u>, 365 F.3d 1181 (10th Cir. 2004)(§ 1997e(a) requires "total exhaustion;" prisoner complaint containing a mixture of exhausted and unexhausted claims is to be dismissed).

Accordingly, the court directs plaintiff to show cause why the complaint should not be dismissed without prejudice, based upon plaintiff's failure to demonstrate full exhaustion of administrative remedies on all claims asserted in the complaint.

IT IS THEREFORE ORDERED that plaintiff is granted leave to proceed in forma pauperis.

IT IS FURTHER ORDERED that plaintiff is granted twenty (20) days to show cause why the complaint should not be dismissed for the reasons stated by the court.

**IT IS SO ORDERED.**

DATED: This 14th day of July 2006 at Topeka, Kansas.

                                      s/ Sam A. Crow
                                      SAM A. CROW
                                      U.S. Senior District Judge